**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| TOMMY SCOTT, | * | |
| Petitioner, | * | |
| VS. | * | CASE NO. 4:05-CV-14 (CDL) |
| | | 28 U.S.C. § 2254 |
| KEVIN ROBERTS, Warden and | * | |
| STEPHEN UPTON, Warden | | |
| | * | |
| Respondent. | | |
| | * | |

**REPORT AND RECOMMENDATION**

On May 13, 1999, Petitioner Tommy Scott, who is currently serving a sentence in the Calhoun State Prison, was convicted in the Muscogee County Superior Court of the offenses of Malice Murder, Kidnaping, Aggravated Assault, and Possession of a Firearm in the Commission of a Felony. Petitioner was sentenced to serve life in prison for the murder, a five-year term for the gun possession charge, plus two consecutive ten-year terms for kidnaping and aggravated assault.

Petitioner filed a motion for new trial on June 11, 1999 which was denied on August 11, 2000. Petitioner then filed a direct appeal to the Georgia Supreme Court on September 11, 2000, wherein his convictions were affirmed on June 4, 2001 and upon reconsideration on June 27, 2001. Petitioner then filed a state habeas petition on July, 24, 2001,which was denied on June 28, 2004. Subsequently, Petitioner filed with the Georgia Supreme Court a notice of appeal and a certificate of probable cause to appeal which was denied on January

24, 2005. Following the decision of the state's highest court, Petitioner filed the instant petition on February 14, 2005. Respondent filed his Answer-Response on May 17, 2005.

## **Standard of Review**

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>    (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>    (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that (A) the claim relies on –
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.
> Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant

> state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522.

## Petitioner's Claims

### I.    Ground One

In his first enumeration of error**,** Petitioner alleges that he received ineffective assistance of trial and appellate counsel, thereby depriving him of his Sixth and Fourteenth Amendment rights. (Petition, p. 5).  Petitioner argues that he received ineffective assistance of trial counsel where counsel failed to investigate the case, know all the facts and subpoena the crime lab technician; object to the prosecutor's use of perjured testimony; object to hearsay evidence as testified to by a witness; object when the prosecutor failed to comply with the discovery rules; object to the example given by the court to the jury regarding circumstantial evidence and object to the court's denial of his motion in limine.  Petitioner further argues that he received ineffective assistance of counsel at the appellate level where his attorney failed to raise the claims of ineffective assistance of his trial counsel in his appeal.

#### A.    Ineffective Assistance of Trial Counsel

The record reveals that only one of the issues Petitioner claims against his trial counsel was raised on direct appeal.  That issue deals with his counsel's failure to object to what Petitioner claims was hearsay testimony by witness Johnerson Adams.

In ruling that there had been no ineffective assistance of counsel on the part of Petitioner's trial counsel, the Georgia Supreme Court stated:

> Johnerson Adams testified that Morris had told him that he participated in the murder of Davis because of a drug deal gone awry. Scott challenges the admission of this testimony. The testimony did not implicate Scott in the drug deal or murder, and, therefore, it was not subject to an objection by Scott. Because Scott could not raise an objection to Adams' testimony, his counsel was not ineffective for failing to object to it.

As stated above, this court has the authority to grant a writ of habeas corpus where an adjudication made by the state court was contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor*. Where this court finds that the Petitioner has failed to show any improper determinations made by the state court, it is without the authority to disturb the state court's findings. Here, Petitioner has not carried his burden of rebutting the presumption of correctness of the Georgia Supreme Court's determination of the factual issues by clear and convincing evidence in his claims of ineffective assistance of trial counsel. Thus, Petitioner is not entitled to relief on this ground.

### B.   Procedurally Defaulted Claims

With regard to Petitioner's five other enumerations of ineffective assistance of trial counsel, the record reveals that Petitioner failed to raise the claims in his direct appeal. The Petitioner did, however, raise them in his state habeas corpus petition. The state habeas court ruled that the claims were procedurally defaulted as they were not raised post-trial and on direct appeal to the Georgia Supreme Court.

The United States Supreme Court has held that when a Defendant is barred from

raising a federal constitutional claim in the state courts because of his failure to follow the state's procedural rules, he is also barred from raising the claim in a 28 U.S.C. § 2254 habeas corpus petition absent a showing of cause for, and actual prejudice from the procedural default. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 97 S. Ct. 2497 (1977).

The same standard as noted above is applicable here. A federal court is barred from a review of a state prisoner's federal claims where there is a failure to comply with an independent and adequate state procedural rule, unless the prisoner can show either 1) cause for the default and actual prejudice growing out to the alleged violation of federal law, or 2) a resulting fundamental miscarriage of justice if the federal court does not consider the claims. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 2565 (1991); *Aldridge v. Dugger,* 925 F.2d 1320, 1327 (11th Cir. 1991). A fundamental miscarriage of justice has occurred when a court finds that a constitutional violation has probably resulted in the conviction of an innocent person. *Murray v. Carrier,* 106 S.Ct. 2639, 2649 (1986).

The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *Murray v. Carrier,* 477 U.S. 478., 488, 106 S.Ct. 2639, 2645 (1986); *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 1472 (1991).

To meet the "prejudice" prong required, a federal habeas petitioner generally must show that a cause or circumstance beyond his control worked to his actual and substantial

disadvantage, infecting his entire trial with error or constitutional dimensions. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 1596 (1982).

Likewise, a pro se petitioner is not exempt from the cause and prejudice requirement of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497 (1977). A mere possibility of actual prejudice resulting from an error at trial will not waive the procedural bar where other substantial evidence of guilt is present. *Sykes,* 433 U.S. at 91, 97 S.Ct. at 2508. A petitioner's "failure to act or think like a lawyer cannot be cause for failing to assert a claim" since he has no constitutional right to counsel during habeas corpus proceedings. *Harmon v. Barton,* 894 f.2d 1268, 1275 (11th Cir. 1990) (quoting *Smith v. Newsome,* 876 F.2d 1461, 1465 (11th Cir. 1989)). *See McCoy v. Newsome,* 953 F.2d 1252 (1992).

After reviewing the record, it appears the grounds raised in his state habeas petition were never raised by the Petitioner until that time. Petitioner failed to raise the other claims of ineffective assistance of counsel in his direct appeal, rendering them procedurally defaulted pursuant to the foregoing authority. Furthermore, Petitioner has failed to show legally adequate cause as to why he failed to raise the issues prior to filing his state habeas petition pursuant to *Murray v. Carrier,* 477 U.S. 478., 488, 106 S.Ct. 2639, 2645 (1986). Therefore, the remaining claims of ineffective assistance of trial counsel are procedurally defaulted, and this court is without the authority to review the claims.

### C.   Ineffective Assistance of Appellate Counsel

In Count One of his federal habeas petition, Petitioner also claims ineffective

assistance of his appellate counsel for failing to raise his claims of ineffective assistance of trial counsel in his appeal to the Georgia Supreme Court. (Petition, p. 5,6). The record reveals that these claims were raised by the Petitioner in his state habeas petition. The state habeas court found that with regard to his claims of ineffective assistance of his appellate counsel, Petitioner had not overcome the standard as set out in *Strickland v. Washington.*

*Strickland v. Washington* holds that a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Woodford v. Visciotti,* 537 U.S. 19, 24, 25, 123 S.Ct. 357, 360, 361 (2002) the United States Supreme Court held, "Under § 2254(d)'s 'unreasonable application' clause a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied *Strickland* incorrectly. See *Bell v. Cone,* 535 U.S. 685, 698-699, 122 S.Ct. 1843 (2002); *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495 (2000). Rather it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. An "*unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams, supra,* at 410, 120 S.Ct. 1495; see *Bell, supra,* at 694, 122 S.Ct. 1843.

The United States Supreme Court has held that a right to effective assistance of *appellate* counsel, which is analogous to the right of effective assistance of *trial* counsel,

attaches as of right and is limited to his first appeal. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *citing, Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).  The Supreme Court, to that point in time, had never specifically stated that the *Strickland* standard applied in the appellate context, nor had it defined the definitive standards for determining claims of ineffective assistance of counsel as applied to an attorney representing a Defendant on appeal.  *Id.* at 392.  Then, in 1987, in *Burger v. Kemp,* where the ineffective assistance of appellate counsel issue was raised and dealt with an attorney's alleged conflict of interest, the Supreme Court based its decision on the *Strickland* standard to find that there was no ineffective assistance of counsel by the Petitioner's appellate counsel. *See, Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114 (1987).  Specifically, the Court stated that the appellate attorney's decision "was supported by reasonable professional judgment, and thus met the standard set forth in *Strickland v. Washington*." *Id.* at 3117.

As stated, *supra*, *Williams v. Taylor* sets out the standard utilized by this court in ruling on federal habeas petitions.  The *Williams* standard denies this court the authority to give relief to a petitioner in his habeas petition unless the state court's ruling on the constitutional claim is either contrary to, or an unreasonable application of, clearly established legal precedent as decided by the United States Supreme Court, or is an unreasonable finding based on the facts of the case. *See also, Early v. Packer*, 537 U.S. 3, 7 (2002).  The burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams* at 410.

Petitioner first argues that his appellate counsel erred where he chose not to raise an ineffective assistance of counsel claim against Petitioner's trial counsel for his failure to subpoena a crime lab technician to testify. The state habeas court presumed that the technician would have testified about a crime lab report, which the Petitioner claims fails to reveal blood in the trunk of the car where the victim had been hit on the head, stuffed into the trunk, driven to another location where he was removed from the trunk and shot repeatedly. Appellate counsel stated that he chose not to argue ineffective assistance of counsel for failing to subpoena the technician because he felt there was no incriminating evidence in the car. (Habeas Transcript, p. 788). The court, after stating that Petitioner's appellate counsel had been a criminal defense attorney since 1978, that counsel met with Petitioner and discussed his appeal and performed a thorough review of the record, held that "... appellate counsel's decision was not one which only an incompetent attorney would have adopted, and the Petitioner has failed to show that he suffered actual prejudice from counsel's failure to raise the claim."

As to the claim of ineffective assistance of counsel for failing to raise on appeal, Petitioner's trial counsel's decision not to object to the prosecution's use of perjured testimony, the court stated that Petitioner had failed to show that the testimony was in fact perjured and that he had failed to show the prosecution had knowingly used said perjured testimony. Thus, the state habeas court found no evidence of ineffective assistance of counsel.

The state habeas court then concluded that Petitioner's other claims of ineffective assistance of appellate counsel were without merit and provided no basis for relief. The court found that Claimant had failed to establish that counsel's performance was constitutionally ineffective as found in *Strickland v. Washington.*

This court, as noted previously, is without authority to disturb the findings of a state court unless the Petitioner shows that the decision was contrary to or based on an unreasonable application of federal law, pursuant to *Williams v. Taylor*. Hence, the Petitioner is entitled to no relief regarding his claims of ineffective assistance of his appellate counsel.

**II.     Ground Two**

In his second enumeration of error, the Petitioner claims that the evidence presented against him during trial was constitutionally insufficient to enable a rational trier of fact to find him guilty. (Petition, p. 5). He acknowledges that the evidence must be reviewed by an appellate court in a light most favorable to the verdict.

The Respondents noted in their Answer-Response that the Petitioner never argues that the decision of the Georgia Supreme Court, in affirming the trial court's verdict, was contrary to or involved an unreasonable application of clearly established federal law. As has been cited above, the standard set out in *Williams v. Taylor* is the burden a Petitioner must overcome to authorize this court to disturb the findings of the state habeas court. In light of the evidence of record and the standard as set out in *Williams v. Taylor*, this court is not

11

legally authorized to provide relief to Petitioner as to this ground.

### III.    Ground Three

Lastly, the Petitioner contends that the state habeas court committed "plain error" and "manifested a gross abuse" in denying him habeas relief.

In ruling on a similar issue raised by a federal habeas petitioner, the Eleventh Circuit Court of Appeals recently held that errors raised by a petitioner which do not involve the reason for his confinement are not cognizable in federal habeas corpus petitions. *Quince v. Crosby*, 360 F.3d 1259, 1261 (11th Cir. 2004). Specifically, the court held that:

> [i]n *Spradley v. Dugger,* we held that where a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas relief. 825 F.2d 1566, 1568 (11th Cir.1987) (involving claims as to errors at a hearing on a petitioner's 3.850 motion); *see also Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir.1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself."); *Franzen v. Brinkman,* 877 F.2d 26, 26 (9th Cir.1989) (agreeing with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"). Therefore, while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief. *See Spradley,* 825 F.2d at 1568.

Because the Petitioner is not challenging his conviction *per se*, but is challenging an error he contends the state habeas judge made in denying him the relief he sought, it is an attack on a proceeding merely collateral to his conviction. Thus, Petitioner's last enumeration of error, that the state habeas judge committed plain error in denying him habeas

relief, is not cognizable in this court under 28 U.S.C. § 2254.  The Petitioner is not entitled to relief on this claim.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 23rd day of May, 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE