# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

TOMMY SCOTT,                    *

       Petitioner,          *

v.                             *     CASE NO. 4:05-CV-14 (CDL)
                                     28 U.S.C. § 2254

KEVIN ROBERTS, Warden and      *
STEPHEN UPTON, Warden

                    *

       Respondent.          *

                    *

## <u>REPORT AND RECOMMENDATION</u>

On May 13, 1999, Petitioner Tommy Scott, who is currently serving his sentence in the Calhoun State Prison, was convicted in the Muscogee County Superior Court of the offenses of Malice Murder, Kidnaping, Aggravated Assault, and Possession of a Firearm during the Commission of a Felony. Petitioner was sentenced to serve life in prison for the murder, a five-year term for the gun possession charge, plus two consecutive ten-year terms for kidnaping and aggravated assault.

Petitioner filed a motion for new trial on June 11, 1999, which was denied on August 11, 2000. Petitioner then filed a direct appeal to the Georgia Supreme Court on September 11, 2000, wherein his convictions were affirmed on June 4, 2001, and upon reconsideration on June 27, 2001. Petitioner then filed a state habeas petition on July, 24, 2001, which was denied on June 28, 2004. Subsequently, Petitioner filed with the Georgia Supreme Court a notice of appeal and a certificate of probable cause to appeal which was denied on January 24, 2005. Following the decision of the state's highest court, Petitioner filed the instant

petition on February 14, 2005. Respondent filed his Answer-Response on May 17, 2005. The court ultimately denied Petitioner's § 2254 habeas petition on June 23, 2005. Petitioner appealed the Court's decision, wherein the Eleventh Circuit Court of Appeals remanded the case back to this Court for the narrow purpose of determining whether Petitioner's ineffective assistance of counsel claims satisfy the second prong of the *Strickland* test.

## Standard of Review

_____As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that (A) the claim relies on –
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been

2

previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.
> Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because

3

that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522.

**The sole issue for determination** here is whether Petitioner's trial counsel's failure to object to hearsay testimony meets the second prong of ineffective assistance of counsel standard as set out in *Strickland v. Washington.* Specifically, the issue is whether Petitioner's trial counsel's failure to object to the testimony of Johnerson Adams, who testified that one of Petitioner's co-defendants admitted to committing the crime along with two other people, prejudiced Petitioner Scott. Petitioner contends that his trial counsel erred in failing to object to the testimony of Adams, contrary to *Bruton v. United States*, 391 U.S. 123 (1968). *Bruton* holds that any confession by a defendant who does not testify may not be admitted into evidence in the event that it inculpates his co-defendant. *Bruton v. United States*, 391 U.S. 23 (1968).

*Strickland v. Washington* holds that a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Woodford v. Visciotti,* 537 U.S. 19, 24, 25, 123 S.Ct. 357, 360, 361 (2002), the United States Supreme Court held, "Under § 2254(d)'s 'unreasonable application' clause a federal habeas court may not issue the writ simply because that court concludes in its

independent judgment that the state-court decision applied *Strickland* incorrectly. See *Bell v. Cone,* 535 U.S. 685, 698-699, 122 S.Ct. 1843 (2002); *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495 (2000). Rather it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. An "*unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams, supra,* at 410, 120 S.Ct. 1495; see *Bell, supra,* at 694, 122 S.Ct. 1843.

In this case, the Eleventh Circuit Court of Appeals cited the United States Supreme Court decisions in *Bruton v. United States*, 391 U.S. 23 (1968); *Richardson v. Marsh,* 107 S.Ct. 1702 (1987) and *Gray v. Maryland,* 118 S. Ct. 1151 (1998), to find that

> "[g]iven the prejudicial nature of [Johnerson Adams'] testimony and the fact that Scott's trial counsel admitted at one point the decision not to object [to the testimony of Johnerson Adams] was not a strategic one[1], the state court's conclusion that Scott's counsel was not ineffective for failing to object to it was an unreasonable application of *Strickland.* Therefore, the state court and district court denied relief based on an unreasonable application of the first prong of the *Strickland* test and never reached the second prong." (R-34-2, p. 10).

The second prong of *Strickland,* whether an attorney's deficient conduct actually prejudiced the Defendant's case, requires a petitioner to show that there is a reasonable probability that the outcome would have been different but for counsel's improper conduct. *Bell* at 694. In other words, Petitioner Scott must show that but for counsel's failure to

---

[1]The Eleventh Circuit found, by implication, that counsel's non-strategic decision not to object to Adams' testimony, permitted *Bruton* error.

object to Adams' testimony, Petitioner would not have been convicted of the crime. "It is not enough for the defendant to show that the errors had some *conceivable* effect on the outcome of the proceeding." *Id.* at 693. (emphasis added). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. In evaluating the probability of a different result, the court must consider the totality of the evidence. *Id.* at 695.

To that end, the Respondents observe in their Supplemental Brief that *another* prosecution witness, Terrell Mars, in his statement to law enforcement, placed Petitioner with the victim prior to the crime. Specifically, Mars stated, that he saw Petitioner speaking to the victim the day prior to the crime, and that a he heard Petitioner discussing money and the possibility of traveling to Florida. Mars also testified that the last time he saw the victim was with Petitioner at a house known for drug sales. (Resp. Ex. 2, pp. 453, 467, 474, 475). Furthermore, in his second statement to law enforcement, Mars stated that he saw the Petitioner hit the victim on the head, place him in his trunk and leave the scene, a statement that Mars denied making when he was called to testify at the trial. *Id.* at 479, 532, 578. Nonetheless, the jury was authorized to evaluate Mars' credibility and make factual determinations from its entirety. The record further establishes that the day after Mars saw the victim with Petitioner Scott and his co-defendants, the victim was found dead with a blunt force injury to the head and multiple gunshot wounds – the head injury with what Mars originally told law enforcement officers. The Respondent contends that this evidence is cumulative of Petitioner's guilt, and that the Petitioner has not established that the result

6

of his trial would have been different if the testimony of Johnerson Adams had been excluded.

Pursuant to the prejudice prong of *Strickland v. Washington*, as stated above, the Petitioner is required to provide evidence to the Court that there is a reasonable probability that the outcome of his trial would have been different but for his counsel's deficient performance. Petitioner here has failed to do so. Although Petitioner's counsel's actions have been determined to have been legally deficient, Petitioner has not met the prejudice prong of *Strickland* as required. The record supports the finding that Petitioner Scott suffered no prejudice by counsel ineffectiveness regarding the testimony of witness Adams, because Scott cannot show any reasonable probability that he would not have been convicted on other evidence in the case. He has failed to establish a violation of the second prong of *Strickland*. Therefore, pursuant to *Williams v. Taylor*, this court is without authority to grant Petitioner's application for federal habeas relief as no unreasonable application of clearly established federal law, specifically the prejudice prong *Strickland* test, can be found.

WHEREFORE, IT IS RECOMMENDED that Petitioner's § 2254 Application for Writ of Habeas Corpus be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 6th Day of July, 2007.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE